UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BANK OF AMERICA,

    Plaintiff,

-vs-                                    Case No. 6:10-cv-1029-Orl-18KRS

JACK D. HOY, GARY J. HOY, M/V "THE
HOY BOYS", Official Number 1170489, her
engines, bowsprit, anchors, cables, chains,
rigging, tackle, apparel, furniture, and all
accessories hereunto appertaining and
belonging to her in rem,

    Defendants.

## ORDER

THIS CAUSE comes for consideration on Plaintiff Bank of America's Motion for Final Summary Judgment against *in rem* Defendant M/V "The Hoy Boys" ("the Vessel") (Doc. 23, filed on Sept. 23, 2010), to which Defendants failed to respond within a timely manner. Plaintiff also asks this Court to direct the final sale of the Vessel and to order that Plaintiff be allowed to credit bid its preferred ship mortgage debt at the foreclosure sale. This Court has jurisdiction over this matter pursuant to the Ship Mortgage Act, 46 U.S.C. §§ 31301-31343, under which ship mortgages are subject to admiralty jurisdiction and foreclosure by in rem process.

*A. Background*

In 2005, Bank of America financed Jack D. Hoy and Gary J. Hoy's ("the Hoys") purchase of the Vessel, a forty-three foot, 2003 Luhrs recreational boat named "The Hoy Boys." The Hoys signed a promissory note in the principal amount of $372,659.61 to be paid in monthly

installments at an annual interest rate of 6.25%. (Doc. 23-1.) The Hoys later executed a First Preferred Ship Mortgage securing the obligations due under the promissory note. (Doc. 23-2.) The mortgage was duly recorded in the office of the United States Coast Guard on April 25, 2005.

After their payment on June 30, 2009, the Hoys defaulted on the Security Agreement and mortgage. Plaintiff accelerated the debt, demanded payment of all obligations owing under the note and mortgage, and now seeks to foreclose its mortgage on the boat. The U.S. Marshal arrested the Vessel in July 2010 and Plaintiff published notice of the arrest in a newspaper. After the Vessel's arrest, this Court dismissed the Hoys from the suit, (Doc. 17, filed Aug. 4, 2010), and the Clerk entered default *in rem* against the Vessel, (Doc. 22, filed Sept. 22, 2010).

### B. Summary Judgment Standard

Summary judgment, even when it is unopposed, can only be granted when it is appropriate to do so. United States v. 5800 SW 74th Ave., 363 F.3d 1099, 1101 (11th Cir. 2004). "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

---

[1] Effective December 1, 2010, the United States Supreme Court adopted amendments to the Federal Rules of Civil Procedure. Although the revision changed the language and designation of subsections in Rule 56, the standard for granting summary judgment remains unchanged. See Fed. R. Civ. P. 56 advisory committee's note.

In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The moving party may rely solely on the pleadings to satisfy its burden. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories, or admissions that designate specific facts indicating there is a genuine issue for trial. Id. at 324. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. Anderson, 477 U.S. at 249-50. Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. Celotex, 477 U.S. at 322.

### C. Discussion

Defendants failed to respond to Plaintiff's motion; however, before granting summary judgment, the Court must determine if any genuine issues of material fact are present. See 5800 SW 74th Ave., 363 F.3d at 1102-03. Plaintiff attached the affidavit of Thomas Gorman to its motion. (Doc. 23-4.) The affidavit states that Gorman has personal knowledge of the matters contained in the affidavit based on his position as vice president of Plaintiff Bank of America and from his review of the business records. Gorman states that as of August 24, 2010, the total outstanding sum due under the note and mortgage is $409,104.62, plus accruing interest at the per diem rate of $64.34, plus fees, costs, and expenses. (Id. at 2-3.) Plaintiff also attached a copy of the note and mortgage signed by the Hoys, which Gorman attests are accurate. (Docs. 23-1 & 23-2.)

The Gorman Affidavit and the attached exhibits provide proof of the note and mortgage and of the total outstanding sum secured by the Vessel that is due and payable. As noted above, Defendants have neither filed a response nor submitted any evidence to dispute the documents and financial figures provided and have therefore presented no evidence that could create a genuine issue of material fact. Accordingly, Plaintiff is entitled to summary judgment.

### D. Final Sale of the Vessel

Plaintiff also asks this Court to enter an order condemning and directing final sale of the Vessel by the U.S. Marshal at a public sale and that it be allowed to credit bid the amount still owing on the preferred mortgage at the foreclosure sale. Defendants did not oppose this request.

The Court finds that Plaintiff has made a prima facie showing that it has a preferred mortgage lien, which it may enforce in a civil action in rem for the amount of outstanding indebtedness secured by the Vessel. See 46 U.S.C. § 31325(b). A preferred mortgage lien has priority over all claims except expenses and fees allowed by the Court, costs imposed by the Court, and any preferred maritime liens. Id. § 31326(b)(1). Provided that Plaintiff agrees to pay any and all claims senior in priority to its preferred mortgage lien, the Court grants Plaintiff's request to credit bid in an amount not to exceed the amount of its judgment at the sale of the Vessel.

### E. Conclusion

Based on the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. 23) is **GRANTED**.

2. The Clerk is directed to enter a judgment providing that Plaintiff shall recover from *in rem* Defendant M/V "The Hoy Boys" the sum of $ 417,275.80 , which shall bear interest at

the statutory rate set forth in 28 U.S.C. § 1961 from the date of judgment, together with attorney's fees, costs, and *custodia legis* expenses.

3. The M/V "The Hoy Boys," a forty-three foot, 2003 Luhrs fishing vessel bearing U.S.C.G. Official Number 1170489, her engines, bowsprit, anchors, cables, chains, rigging, tackle, apparel, furniture, and all accessories hereunto appertaining and belonging to her *in rem* shall be condemned to pay Plaintiff the foregoing sums and judgments and shall be sold by the U.S. Marshal at public sale, after publication of the notice required by Local Admiralty Rule 7.05(q), to the highest and best bidder. The sale will be subject to confirmation of this Court.

4. In lieu of cash, Plaintiff is entitled to bid at the public sale in the amount of its judgment against the Vessel, or any part thereof, and Plaintiff will not be required to pay any cash or other payment unless and until its successful bid exceeds the total of its judgment against the Vessel.

5. The Marshal is directed to give notice of the public sale pursuant to Local Admiralty Rule 7.05(q) and to include in the notice: (1) the time and place where the sale will be conducted; (2) that prospective bidders may come on application to the Marshal at such times and in such manner as he may direct to examine the Vessel where she is presently stored in Port Canaveral, Florida; and (3) that with the exception of Plaintiff, as provided above, the highest and best bidder will be required to deliver to the Marshal at the time of sale, in cash, certified check or cashier's check made payable to the U.S. Marshal, a nonrefundable deposit of at least ten percent (10%) of the bid price, the remaining balance to be paid to the U.S. Marshal in cash, certified check, or cashier's check within three (3) working days.

6. All additional charges not already reduced to judgment incurred by the Marshal or any substitute custodian appointed by the Court with respect to maintenance, custody, and insurance of the Vessel; all post-judgment charges Plaintiff incurs, including but not limited to costs of arrest, storage, security, maintenance, and other miscellaneous expenses of the Vessel while under arrest; and the cost of advertisement for sale are expenses of sale and will be taxed as administrative costs of *custodia legis* against the proceeds of the sale.

7. Upon confirmation of the sale, Plaintiff may apply to the Court for an amendment of its judgment to include attorney's fees or further costs Plaintiff incurs in maintenance, insurance, advertising, security, expenses, and costs incident to this proceeding.

8. After satisfaction of the *custodia legis* costs and the Marshal's expenses, any proceeds of the sale of the Vessel will be applied first to satisfy, fully or partially, Plaintiff's judgment.

**DONE** and **ORDERED** in Orlando, Florida on this ___ day of December, 2010.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Marshal